UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DEFENSE OF FREEDOM INSTITUTE FOR POLICY STUDIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF EDUCATION, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) )  Civil Action No. 24-1563 (TJK) |

**JOINT STATUS REPORT**

Plaintiff, the Defense of Freedom Institute for Policy Studies ("Plaintiff" or "DFI"), and Defendant, the United States Department of Education ("Defendant"), by and through undersigned counsel, hereby submit this joint status report in this Freedom of Information Act ("FOIA") case pursuant to the Minute Order of the Court dated March 5, 2025.

Plaintiff submitted a FOIA request to Defendant U.S. Department of Education ("the Department") on April 18, 2022, seeking particular records of the Department's Communications with Teachers Unions regarding the Charter Schools Program proposed rulemaking. (FOIA request number 22-02518-F. ECF No. 1 at 5. Plaintiff filed the complaint on May 28, 2024 (ECF No. 1). Defendant answered on July 8, 2024 (ECF No. 10). Plaintiff's FOIA request seeks records related to the Defendant's proposed changes to its Charter Schools Program policies.

The Defendant issued its final response to the FOIA request on September 30, 2024. 709 pages were released with information withheld pursuant to FOIA Exemption (b)(6). On January 17, 2025, Defendant provided to Plaintiff a search summary, which details the scope of the search performed, and a draft *Vaughn* index for review.

On April 29, 2025 the Defendant informed Plaintiff that it could not locate the records that it provided in its September 30, 2024 records release and requested that Plaintiff provide the documents to allow them to examine them so they were able to answer the Meet and Confer questions. On April 30, 2025 Plaintiff provided a copy of those records to Defendant.

Plaintiff has attempted to set a Meet and Confers in a repeated basis with little success. On February 7, 2025 Plaintiff made its first request for a Meet and Confer and received no response. On February 25, 2025 Plaintiff again requested a Meet and Confer. On March 4, 2025 Defendant responded and a Meet and Confer was set for March 13, 2025. On March 12, 2025 Defendant requested the meeting be rescheduled. Plaintiff agreed and requested new dates for the meeting. Defendant did not respond. On April 2, 2025 Plaintiff sent a request to schedule a Meet and Confer but Defendant did not respond. On April 16, 2025 Plaintiff again sent a request for a Meet and Confer and received no response. On April 24, 2025 Plaintiff again requested a Meet and Confer which both parties agreed should be set on April 29, 2025. On April 29, 2025 Defendant again cancelled and requested the Meet and Confer be set for May 2, 2025. Plaintiff agreed and the parties met were able to meet and begin discussions.

Defendant responds that it informed Plaintiff on several occasions that the Department of Education has been undergoing much upheaval and that almost all of it FOIA staff have lost their positions with the Department, including Department counsel who had been working on this FOIA matter. Undersigned counsel nonetheless undertook efforts to work with the Department to have new agency personnel assigned to this FOIA matter, which took some time due to the large reduction in force that had been visited upon the Department, the limited number of personnel remaining, and the large number of pending FOIA requests and litigations. Due to the abrupt termination of most of the Department's FOIA staff and the resulting confusion, the new

Department contact could not locate the documents that had been produced on September 30, 2024. Further, undersigned counsel has been assigned various emergency matters that have occupied most of his time over the past several months, as have most of the Assistants in this office, requiring the cancellation of meet and confers.

Prior to the reductions in force that were abruptly visited upon the Department recently and the resulting disruption, the Department provided Plaintiff with a requested search declaration and a draft *Vaughn* index on January 17, 2025, attached respectively as Exhibits A and B. The search declaration describes the search undertaken by the Department, including custodians and search terms. The *Vaughn* index describes the (b)(6) exemptions applied.

Plaintiff has submitted to Defendant a list of questions concerning Defendant's production and the exemptions applied. Defendant has agreed to submit written responses to Plaintiff's questions on or before May 16, 2025. The parties will then discuss any remaining issues after Plaintiff has had a chance to review Defendant's response prior to seeking intervention by the Court.

The parties propose that they file their next Joint Status Report on or before June 2, 2025, to apprise the Court of any outstanding issues and set forth a briefing schedule for dispositive motions, if necessary.

Dated: May 5, 2025
      Washington, DC

Respectfully submitted,

EDWARD R. MARTIN, Jr.
United States Attorney

By:     */s/ Thomas W. Duffey*
THOMAS W. DUFFEY
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2510

Case 1:24-cv-01563-TJK     Document 16     Filed 05/05/25     Page 4 of 4

*Attorneys for the United States of America*

   */s/ Martha A. Astor*
MARTHA A. ASTOR
D.C. Bar # 900002288
DONALD A. DAUGHERTY, JR.
D.C. Bar #900000663
Defense of Freedom Institute
1455 Pennsylvania Avenue, NW
Suite 400
Washington, DC 20004
321-390-2707
Martha.Astor@dfipolicy.org
Don.Daugherty@dfipolicy.org

*Attorneys for Plaintiff*